

**FILED**

OCT 2 3 2018

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| WILLIAM FITCH,<br><br>Petitioner,<br><br>vs.<br><br>ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondent. | Cause No. CV 18-56-M-DLC-JCL<br><br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on Petitioner William Fitch's application for writ of habeas corpus under 28 U.S.C. § 2254. Fitch is a state prisoner proceeding pro se.

**I. Background**

Fitch challenges a conviction for Tampering with Witnesses and Informants following a guilty plea entered pursuant to a plea agreement in Montana's Eleventh Judicial District, Flathead County, on January 26, 2017. He was sentenced to serve ten years in the Montana State Prison. Pet. (Doc. 1) at 2-3, ¶¶ 1-5.

Fitch did not file a direct appeal. *Id.* at 3, ¶ 6. Fitch did, however, apply for

1

sentence review; his sentence was affirmed on May 4, 2017.[1] Additionally, Fitch filed a petition for postconviction relief in the state district court, but he did not appeal the denial of that petition. *Id.* at 3-4, ¶¶ 9-11.

Because the procedural posture of Fitch's state proceedings and the issues Fitch attempted to advance in his postconviction petition were both unclear, the State was directed in this proceeding to file certain documents from the state court record, including the plea agreement and waiver of rights form signed by Fitch and all postconviction pleadings. See, (Doc. 7 at 2).

Fitch alleges that he received ineffective assistance of counsel. (Doc. 1 at 4, ¶ 13(A)(i)). He explains that prior to his guilty plea he was misinformed of the "facts" needed to convict that him; he took a plea deal, which he ultimately did not receive because he was led to believe that was the only way he would get out of jail; he did not know he could appeal the denial of his postconviction petition; he believes counsel performed deficiently at sentencing by failing to present letters to the trial court and he was, therefore, sentenced based upon untrue accusations; and, he did not realize he could appeal from the Montana Sentence Review Division's decision.[2] *Id.* Fitch did not raise the claim of ineffective assistance of counsel in

---

[1] *See*, Sentence Review Division, May 2017 Decisions, available at: http://courts.mt.gov/courts/supreme/boards/srd#70333195-decisions---state-prison

[2] It is unclear why Fitch believes he should have been allowed to appeal this decision. All decision of the Montana Sentence Review Division are final. See e.g., https://courts.mt.gov/courts/supreme/boards/srd (accessed October 22, 2018).

2

any state collateral proceeding. *Id.* at 4-5, ¶¶ 13(A)(ii)-(v).

## II. Procedural Default

Before a state prisoner may present a claim to a federal court, he must first exhaust his available state remedies. 28 U.S.C. § 2254(b)(1)(A); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion requirement prevents the federal court from "upset[ting] a state court conviction" without first allowing the state courts an "opportunity to...correct a constitutional violation." *Rose v. Lundy*, 455 U.S. 509, 518 (1982).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996). Even if a petitioner's claim is procedurally defaulted, a federal district court may still hear the merits of the claim if the petitioner meets one of two exceptions: (1) a showing of actual innocence, which means that a miscarriage of justice will occur if the constitutional claim is not heard in federal court, *Schlup v. Delo*, 513 U.S. 298, 329

(1995); or (2) a showing of adequate legal cause for the default and prejudice arising from the default, *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

As set forth above, by Fitch's own admission, he did not present his claims of ineffective assistance of counsel to the courts of the State of Montana. Accordingly he was ordered to show cause as to why the procedural default of his claims should be excused and was directed as to the ways he might make such a showing. (Doc. 5.) Fitch timely responded. (Doc. 6.)

i. **Actual Innocence**

Fitch does seem to argue that he was not guilty of Partner Family Member Assault. He states that because his wife was intoxicated and angry with him for taking her alcohol away and hiding it, she made a false accusation of abuse to the authorities. (Doc. 6 at 2.) Fitch believes the authorities and his attorney did not perform an adequate investigation into the allegations.

But the felony Partner Family Member Assault charge was subsequently amended to a misdemeanor and Fitch entered an *Alford* plea to the amended charge. See, (Doc. 11-2 at 4.)[3] Fitch received a 6-month sentence for that offense, to run concurrently to the 10-year Tampering sentence. The misdemeanor sentence is now expired and is not the current cause of Fitch's custody. See e.g. 28

---

[3] Pursuant to the plea agreement, the State also agreed not seek Fitch's designation as a Persistent Felony Offender. (Doc. 11-2 at 4, ¶ 2.)

4

U.S.C. § 2254(a)(a court "shall entertain an application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States").

While Fitch posits his Tampering charge could have been amended to something less serious, *see* (Doc. 6 at 2), he does not assert actual innocence.[4] Thus Fitch has not established that a miscarriage of justice will occur if the constitutional claim is not heard by this Court. See, *Schlup*, 513 U.S. at 329.

## ii. Cause and Prejudice

A petitioner may overcome the prohibition on reviewing procedurally defaulted claims if he is able to show "cause" to excuse his failure to comply with the state procedural rule and "actual prejudice resulting from the alleged constitutional violation." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977). In order to establish cause for a default, a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A factor is external to the petitioner if it

---

[4] In fact, Fitch seems to acknowledge that he did contact his wife via telephone on multiple occasions, but asserts such contact was non-violent in nature and would have not taken place, but for the county jail allowing his wife to visit Fitch while he was in custody and allowing Fitch to provide his wife money. See, (Doc. 1 at 9.)

5

"cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753. To show "prejudice," a petitioner generally bears "the burden of showing not merely that the errors [in his proceeding] constituted a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Fitch begins by explaining that he did not raise the claim of ineffective assistance of counsel during his sentence review proceeding, because his appointed counsel advised him that they were going to address his "excessive" sentence during the proceedings. (Doc. 6 at 1.) Fitch indicates that during the sentence review proceedings, his counsel only raised half of the issues they had discussed prior to the hearing. *Id*.

But, the scope of review by the Montana Sentence Review Division is limited. The Division may order a different sentence than that imposed by the state district court, upon a finding that the sentence an individual received was clearly inadequate or clearly excessive. The Division presumes the sentence imposed by the district court is correct. See, Rule 12 of the Montana Sentence Review Division. The Division does not consider issues which could be or should have been addressed on appeal or postconviction relief. See, Rule 3 of the Montana

Sentence Review Division.[5] Thus, the Montana Sentence Review Division was not the proper forum for Fitch to raise a claim of ineffective assistance of counsel and does not serve as a basis to set aside the default.

Fitch goes on to explain that following his incarceration at the Montana State Prison, his wife subsequently passed away as a result of her chronic alcoholism. (Doc. 6 at 2.) Fitch believes his wife may still be alive, if not for the severe hardship caused by his sentence and incarceration. *Id.* Fitch asks this Court for reconsideration of his sentence and to order his placement into a pre-release center or at Connections Corrections. *Id.* at 3.

While the Court is certainly sorry to hear of Fitch's loss, such hardship does not serve to excuse the procedural hurdles that prevent review of the pending petition. Moreover, this Court is unable to provide Fitch the sentencing relief he seeks. Federal district courts, as courts of original jurisdiction, do not serve as appellate tribunals to review errors allegedly committed by state courts. *MacKay v. Pfeil*, 827 F. 2d 540, 543 (9th Cir. 1987); *see also Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970)("lower federal courts possess no power whatever to sit in direct review of state court decisions"). It would be entirely inappropriate for this Court to review and alter the state court

---

[5] Sentence Review Division Rules available at:
https://courts.mt.gov/courts/supreme/boards/srd#70333193-information (accessed October 22, 2018).

7

sentence as requested by Fitch.

### III.   Conclusion

Fitch's petition should be dismissed with prejudice as procedurally defaulted. Fitch has not made an adequate showing of actual innocence or cause and prejudice to excuse the default.

### IV.   Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The claims advanced by Fitch do not appear to make a substantial showing that he was deprived of a constitutional right. Further, because Fitch's claims are

8

procedurally defaulted without excuse, no reasonable jurist would find basis to encourage further proceedings and there are no close questions. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Fitch's Petition (Doc. 1) should be DISMISSED with prejudice as procedurally defaulted.

2. The Clerk of Court should be directed to enter, by separate document, a judgment in favor of Respondent and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Fitch may object to this Findings and Recommendation within 14 days.[6] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Fitch must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in

---

[6] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Fitch is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

dismissal of his case without notice to him.

DATED this 23rd day of October, 2018.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge