FILED

DEC 19 2018

Clerk, U.S Courts
District Of Montana
Missoula Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| WILLIAM FITCH,<br><br>　　　　　　　Petitioner,<br><br>vs.<br><br>ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>　　　　　　　Respondent. | CV 18–56–M–DLC–JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendations on October 23, 2018, recommending that the Court dismiss Petitioner William Fitch's petition brought under 28 U.S.C. § 2254 and deny a certificate of appealability. (Doc. 13.) Fitch failed to timely object to the Findings and Recommendations, and so waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court reviews for clear error those findings and recommendations to which no party objects. *See Thomas v. Arn*, 474 U.S. 140, 149–53 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been made." *Wash. Mut., Inc. v. United States*, 856 F.3d 711, 721 (9th Cir. 2017) (citation omitted).

-1-

Having reviewed the Findings and Recommendation (Doc. 13), the Court finds no clear error in Judge Lynch's recommendation that Fitch's petition be dismissed as procedurally defaulted. Fitch alleges ineffective assistance of counsel, but he did not raise a claim for ineffective assistance on direct appeal or in his state postconviction proceeding, rendering the claim procedurally defaulted. 28 U.S.C. § 2254(b)(1)(A). The Court finds no clear error in Judge Lynch's determination that procedural default is not excused. If Fitch has alleged actual innocence, he has made that allegation as to a charge for which he is no longer incarcerated, rendering the issue moot. 28 U.S.C. § 2254(a). And, even if Fitch could demonstrate cause for his failure to bring the claim before the state court, there is no prejudice where, as here, the remedy sought—a reduced sentence—cannot be ordered by a federal court reviewing a state court sentencing determination. *See Murray v. Carrier*, 477 U.S. 478, 485–92 (1986); *MacKay v. Pfeil*, 827 F.2d 540, 543 (9th Cir. 1987).

Nor is there clear error in Judge Lynch's recommendation that the Court deny a certificate of appealability. Fitch has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Accordingly, IT IS ORDERED:

(1) Judge Lynch's Findings and Recommendations (Doc. 13) are ADOPTED IN FULL;

(2) Fitch's Petition (Doc. 1) is DISMISSED;

(3) A certificate of appealability is DENIED; and

(4) The Clerk of Court shall enter by separate document a judgment in favor of Respondent and close this case.

DATED this 19th day of December, 2018.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court